

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-15-2009

# In Re: Reynaldo Rosario

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-1774

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"In Re: Reynaldo Rosario " (2009). *2009 Decisions*. Paper 658.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/658

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1774
_____

IN RE:   REYNALDO ROSARIO,
                                                                         Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.C. Civil No. 00-cv-04239)
District Judge:  Honorable Jose L. Linares

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 24, 2009

Before: RENDELL, HARDIMAN and COWEN, Circuit Judges

(Opinion filed: September 15, 2009 )
_____

OPINION
_____

PER CURIAM

      In February 2009, Reynaldo Rosario filed this pro se mandamus petition seeking

an order directing the District Court to rule on a civil rights complaint he filed on or about

August 22, 2000 in the United States District Court for the District of New Jersey.  For

the reasons that follow, we will deny the petition.

In his mandamus petition, Rosario alleges that when he first filed his civil rights complaint, he received a Notice of Allocation and Assignment from Magistrate Judge Susan Davis Wigenton advising him that the case was assigned to District Judge Alfred M. Wolin. Rosario alleges that Judge Wolin erroneously consolidated his civil rights complaint with a § 2255 motion that he separately filed on August 30, 2000 and gave both matters the same docket number (2:00-cv-04239). Rosario states that, as a result, no action has been taken on his civil rights complaint in nine years, despite his attempts through "due diligence" to notify the court of this docketing error so that his matter could proceed. As proof, Rosario attaches to his petition for writ of mandamus various exhibits, including a copy of the allegedly filed civil rights complaint, which shows a date stamp of August 22, 2000 and docketing number of "00-cv-04239" typed into the caption line.

This Court requested the Clerk of the Court for the District of New Jersey to respond to Rosario's allegations and attached documentation. After a careful review of the docket, the Clerk's Office asserted that this document was never submitted for filing in case 00-cv-04239. This conclusion was based on the following: (1) there is no evidence of the civil rights complaint in the docket for case number 00-cv-04239, and no mention of the complaint until 2003, which was after Rosario's §2255 motion was denied by the District Court, the denial was affirmed by the Court of Appeals, and certiorari was denied by the Supreme Court; (2) there is no order of consolidation and no notation on the

docket of 00-cv-04239 that there is a related case; (3) the Clerk's Office does not, and never did, type docket numbers onto complaints; and (4) the "00AUG 22, MAIL ROOM, NEWARK, NJ 07102" date stamp that appears on Rosario's civil complaint is different from the date stamp used by the Newark vicinage Clerk's Office. The Clerk's Office also noted that in an Order dated June 5, 2009, the District Court granted Rosario leave to file a civil complaint based on the allegations he describes in his mandamus petition.

II.

Mandamus is a drastic remedy available only in the most extraordinary of circumstances. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To demonstrate that mandamus is appropriate, a petitioner must establish that he has "no other adequate means" to obtain the relief and that he has a "clear and indisputable" right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Based on the response by the Clerk's Office, it is not "clear and indisputable" that Rosario properly filed his civil rights complaint in the District Court in August 2000, let alone that he has a right to the relief he seeks.

Accordingly, we will deny the petition for writ of mandamus.